**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3967-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERRELL JACKSON, a/k/a
DERRELL SAUNDERS,

     Defendant-Appellant.

_____

Submitted May 7, 2018 – Decided March 29, 2019

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 04-07-2685.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

O'CONNOR, J.A.D.

This case returns to us on remand following defendant Terrell Jackson's appeal from a December 12, 2016 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I

In December 2005, defendant was convicted by jury of first-degree aggravated manslaughter as a lesser-included offense of murder, N.J.S.A. 2C:11-4(a), and of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). He was found not guilty of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). The trial court sentenced defendant to an aggregate term of eighteen years in prison, subject to the provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's conviction and sentence. State v. Jackson, No. A-6317-06, (App. Div. May 19, 2009) (Jackson I). For reasons not pertinent here, the Supreme Court granted defendant's petition for certification and summarily remanded the matter to us for reconsideration in light of an opinion the Court issued after our decision. See State v. Jackson, 200 N.J. 205 (2009). On remand, we affirmed defendant's conviction. State v. Jackson, No. A-

6317-06, (App. Div. May 27, 2010) (Jackson II). The Supreme Court denied defendant's petition for certification. State v. Jackson, 203 N.J. 607 (2010).

The evidence adduced at trial pertinent to the issues on appeal is as follows. On March 8, 2004, A.V. was driving a car near the intersection of 18th Avenue and Alexander Street in Newark. Witnesses observed A.V. speeding and driving in circles in the middle of the road. Two of the witnesses, both of whom knew defendant, testified they saw defendant shoot at the car. One of the bullets fired struck A.V. in the head, causing his death. The shooting occurred between 10:20 p.m. and 10:35 p.m.

Defendant testified at trial. He denied he was present at the scene of the shooting. He claimed he was with his friend, Yakiemah Burks, at the Seth Boyden Housing Projects, from 5:00 p.m. to about 11:00 p.m. He and Burks then drove to Burks's home in the area of 18th Avenue and Alexander Street, a trip that normally takes between twenty and twenty-five minutes. He then spent the night in Burks's home.

Aware defendant was not going to call Burks as a witness, the prosecutor cross-examined defendant about Burks's anticipated absence from trial. Defendant testified that, although on the day of the shooting he and Burks were friends, he stated she "[is] a bad friend now" and that he had not spoken

3

to her for nine months.  The reason for the deterioration in their relationship was not revealed.

Defendant also testified that, even though Burks's testimony would corroborate his claim he was not in the area of 18th Avenue and Alexander Street at the time of the shooting and, if subpoenaed, Burks would be compelled to testify, he stated he "can't bring [her] in."  The reason he could not – or would not – compel Burks's appearance was not explored.

It is not disputed that just days before defendant was sentenced in June 2006, Burks forwarded a letter to the court dated June 11, 2006, in which she claimed:

> I have just found out about the charges brought against [defendant].  I know that he did not commit this crime because he was with me at the time.  If I am allowed to[,] I will testify to the fact.
>
> Had I known earlier I would have notified the court of this information, however, as stated previously, I had no knowledge of this case until now.

In March 2011, defendant filed a PCR petition.  Pertinent to the issues presently before us, defendant alleged he was denied the effective assistance of counsel because trial counsel failed to subpoena Burks for trial.  In support of that petition, defendant submitted a November 1, 2011 affidavit from Burks, in which she asserted that on March 8, 2004, defendant was with her at the Seth

4

Boyden Housing Projects, from 6:00 p.m. to "approximately 10:30 p.m. and 11:00 p.m." She referenced the contents of her June 11, 2006 letter and explained it was provided in response to defendant's mother advising her of defendant's "situation." In her affidavit, she also noted that she had been willing to testify on defendant's behalf at trial, but was never contacted or subpoenaed by trial counsel.

Defendant also submitted a December 29, 2011 affidavit authored by Talif Scudder. Scudder stated that he was an inmate at Northern State Prison and, on March 8, 2004, he was in the area of 18th Avenue and Alexander Street in Newark when he saw an individual he identified as "Swalli" shooting at a "speeding motor vehicle." Scudder further stated that he did not come forward with this information before because he "had a warrant at the time."

The PCR court granted defendant's request for an evidentiary hearing. Defendant's trial counsel testified at the hearing. He stated that, before trial, he and defendant "definitely discussed" Burks and defendant's claim she could corroborate his whereabouts at the time of the shooting. Counsel was also certain "we" made an effort to locate Burks. The attorney could not remember whether he ever personally spoke to Burks, but he did recall she was unwilling to testify. He became aware of Burks's unwillingness either through

"discussions with Terrell, [or] perhaps we spoke to her. I can't really say because of the time factor." Counsel further testified he did not send out a notice of alibi, which served to tell him "the witness did not make [herself] available to give us the facts that have to go into a notice of alibi [pursuant to Rule 3:12-2(a)]." Finally, trial counsel stated he did not have the file; he assumed he either gave the file to the family or to appellate counsel, or misplaced the file when his office moved.

Defendant's mother, Sheree Saunders, also testified at the PCR hearing. Saunders claimed she looked for but could not locate Burks before trial. Saunders recalled that, after the trial concluded but before sentencing, Burks telephoned Saunders and asked to speak to defendant. Saunders told Burks defendant was in jail. In response, Burks asked why. Saunders realized Burks was unaware of and advised Burks of defendant's legal predicament. Saunders suggested Burks write a letter to the sentencing judge.

Defendant testified at the PCR hearing. In contrast to his trial testimony, at the PCR hearing defendant testified he did not communicate with Burks before trial. He claimed he did not know where Burks was. Significantly, defendant admitted he and trial counsel discussed Burks's "character" and whether she "would be good for me" at trial. In fact, defendant stated counsel

6

"always asked about her character."  Defendant testified counsel ultimately concluded Burks would not be a good witness.  Nevertheless, defendant still wanted Burks to testify.

Burks did not testify at the PCR hearing.  PCR counsel informed the court she was unable to compel Burks's appearance at the hearing because Burks lived in Pennsylvania and could not be subpoenaed.  The PCR court accepted counsel's position that an out-of-state witness could not be compelled to appear in a New Jersey court.  Because Burks did not testify at the PCR hearing, the court stated it would consider Burks's affidavit.

The PCR court subsequently denied defendant the relief he sought in his petition.  The court found trial counsel's attempts to find Burks thwarted by her ongoing "obvious unavailability" and, thus, counsel could not be faulted for failing to subpoena her to trial.  In addition, the PCR court questioned the veracity of Burks's affidavit, finding her failure to appear at the PCR hearing negatively impacted her credibility and, thus, the reliability of her affidavit. The court was also skeptical of Burks's claim she had been unaware of the charges against defendant until after the trial.

The PCR court discounted Scudder's affidavit because he identified the shooter, Swalli, by only a single name, and Swalli was "nonexistent in law

enforcement databases." However, the court ultimately concluded trial counsel could not be faulted for failing to locate Scudder when there was no evidence at the time of trial that he possessed any exonerating information.

The PCR court entered an order on October 8, 2013 denying defendant's application for post-conviction relief, and defendant appealed. Relevant to the issues now before us, defendant argued the PCR court erred in two respects. First, defendant contended there was sufficient evidence trial counsel was ineffective for failing to find Burks and compel her appearance at trial. Second, he maintained the court should not have rejected the contents of Scudder's affidavit without holding an evidentiary hearing. Defendant also argued PCR counsel was ineffective for failing to subpoena Burks to testify at the PCR hearing.

We found the PCR court erred because it assessed Burks's credibility on the basis of her affidavit and concluded the contents of her affidavit were unworthy of belief because she failed to testify at the PCR hearing. We further determined PCR counsel's mistaken belief she could not compel Burks's appearance at the PCR hearing deprived the court of the opportunity to assess Burks's credibility, precluding a fair resolution of defendant's PCR claim. We noted a witness's appearance can be compelled pursuant to the Uniform Act to

8

Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings (Uniform Act), N.J.S.A. 2A:81-18 to -23, and that Pennsylvania, where Burks then resided, had enacted the Uniform Act, 42 Pa. Cons. Stat. § 5961-5965. Accordingly, we remanded the matter to permit defendant the opportunity to present Burks as a witness at a new evidentiary hearing and to allow the PCR court to reconsider defendant's claim that trial counsel was ineffective for failing to call Burks as an alibi witness at trial.

Finally, we noted that, for the first time on appeal, defendant argued Scudder's affidavit supported granting a new trial on the basis that the contents of his affidavit constituted newly discovered evidence. We declined to consider such argument because it was not raised in defendant's petition for PCR, was not argued before the PCR court, and did not involve jurisdictional or public interest concerns. See State v. Robinson, 200 N.J. 1, 20 (2009); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

However, we determined Scudder's affidavit did not support defendant's claim trial counsel was ineffective, because defendant made no showing trial counsel was aware or should have learned of Scudder's alleged presence at the scene of the shooting before trial. After all, Scudder stated he did not disclose his alleged presence at the scene because of concerns regarding a warrant.

Therefore, Scudder's affidavit did not establish trial counsel's performance was ineffective.

## II

On remand, Burks appeared at the evidentiary hearing. She testified that, at the time of the shooting, she and defendant were "close friends," but she could not recall if she and defendant were together on the actual day of the shooting. After defendant was arrested, she did not have any contact with defendant for "awhile"; in fact, the first time she discovered he was in jail was when informed by his mother some seven months after the shooting.

Burks acknowledged writing the June 2006 letter. However, she admitted that, just three months before the remand hearing, she appeared before a court in Pennsylvania and testified that she was on drugs both at the time the shooting occurred and when she wrote the June 2006 letter. She claimed the drugs adversely affected her memory. She also testified that when she wrote the letter, she was close to defendant and did not want him incarcerated.

At the remand hearing, Burks acknowledged she signed the November 1, 2011 affidavit, but stated she did not read the affidavit before she signed it.

A-3967-16T2

Finally, she stated that she never had any contact with defendant's trial counsel and was never asked to testify at the trial.

At the conclusion of the remand hearing, the court credited Burks's testimony and determined she could not corroborate defendant's claim that, at the time of the shooting, they were together in another part of Newark. Although the PCR court did not expressly state as much, the implication of the latter finding is that trial counsel was not ineffective for failing to call Burks as a witness at trial, because there is no indication she could have provided testimony to support defendant's alibi defense.

Although it is unclear why the PCR court considered the issue, it briefly analyzed and rejected the premise that Burks's testimony was newly discovered evidence. The court referenced the three elements necessary to show a new trial is warranted because there is newly discovered evidence. See State v. Carter, 85 N.J. 300, 314 (1981) (Carter III) (holding a new trial may be warranted if a defendant shows newly discovered evidence: "(1) [is] material to the issue and not merely cumulative or impeaching or contradictory; (2) [was] discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) [is] of the sort that would probably change the jury's verdict if a new trial were granted."). After providing a

limited analysis, the PCR court determined defendant could not establish all three elements of the <u>Carter</u> test and thus could not establish Burks's testimony constituted newly discovered evidence.

On December 12, 2016, the PCR court entered an order denying defendant's application for PCR. This appeal ensued.

### III

On appeal, defendant presents the following issues for our consideration.

> POINT I: THIS COURT SHOULD REVERSE THE [PCR] COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.
>
> POINT II: DEFENDANT'S PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE. (Not Raised Below).

We address Point I first. In his brief, defendant clarifies his specific contentions. They are: (1) there is a reasonable probability Burks's testimony at trial would have changed the outcome of defendant's trial; (2) because defendant's claim is that trial counsel provided ineffective assistance, the PCR court erred when it treated Burks's letter and affidavit as newly discovered evidence; and (3) the PCR court erroneously assumed Burks's knowledge of the relevant facts at the time of the second evidentiary hearing, rather than at

12

the time of trial, determined whether she could have supported defendant's alibi defense at trial.

To prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of the Strickland test, a defendant "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. It must be demonstrated counsel's representation "fell below an objective standard of reasonableness," and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense." Id. at 687. There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish both prongs of the Strickland standard in order to obtain a reversal of the challenged conviction. Id. at 697; Fritz, 105 N.J. at 52.

A failure to satisfy either prong of the Strickland/Fritz standard requires the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

When a PCR court has had an opportunity to make "factual findings based on its review of live witness testimony," we defer to the "court's findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013) (citing State v. Harris, 181 N.J. 391, 415 (2004)).  However, we do not give any deference to the court's legal conclusions, which are reviewed de novo. Id. at 540-41.

A defendant may be prejudiced if trial counsel fails to call an alibi witness at trial whose testimony would "have given rise to reasonable doubt about defendant's guilt." State v. Pierre, 223 N.J. 560, 588 (2015).  An alibi witness's testimony does not have to be bereft of credibility problems, but the testimony must have the ability to bolster the defense or refute the prosecution if believed by the jury.  See id. at 586-88.

If there is a reasonable probability the testimony of a witness who was not presented at trial by counsel could have altered the outcome of the trial, a court should find that "counsel's errors were sufficiently serious so as to undermine confidence that defendant's trial was fair, and that the jury properly convicted him." Id. at 588.  However, there is a "'strong presumption' that

14

counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90)).

Here, defendant does not dispute he and trial counsel discussed Burks before trial and her efficacy as a witness. At the PCR hearing, defendant recalled counsel was very interested in Burks's character and whether she would be a "good" witness for him. Defendant recalled that counsel ultimately determined Burks would not be, suggesting counsel's decision to not call Burks was an exercise of judgment and strategy.

More important, there is no evidence Burks would have supported defendant's alibi defense at trial. At present, Burks cannot recall if defendant was with her at the time of the shooting. We agree with defendant the knowledge Burks possessed concerning the alibi defense at the time of trial – as opposed to at the time of the second PCR hearing – is what matters when evaluating defendant's claim of ineffective assistance. The fact that at the PCR hearing Burks could not recall whether she and defendant were in another part of the city when the shooting occurred does not inform us of what she knew at the time of trial. Nevertheless, there is no evidence that, at the time of trial, Burks could have provided any evidence that supported the alibi defense.

A-3967-16T2

At the PCR hearing, Burks admitted writing the June 2006 letter, but she was able to recall that, when she wrote such letter, she was taking drugs that affected her memory, making the contents of her letter unreliable. Moreover, she was on drugs that affected her memory at the time of the shooting. Certainly the affidavit she signed is not probative, given she did not read it before she signed it.

As stated, the testimony of an alibi witness does not have to be devoid of credibility problems, but the testimony must have the ability to bolster the defense or refute the prosecution if believed by the jury. See Pierre, 223 N.J. at 586-88. There is no evidence Burks had any testimony to offer at the time of trial that would have advanced the alibi defense. Clearly, it cannot be said there is a reasonable probability Burks's testimony would have changed the outcome of defendant's trial.

Defendant next contends the PCR court erred because it applied the law to be used when evaluating whether newly discovered evidence warrants a new trial. Although the court did apply such law, its exploration into whether the letter and affidavit constituted newly discovered evidence that required a new trial was harmless. In the final analysis, the court made findings that

16

supported the conclusion that trial counsel was not ineffective for failing to call Burks as a witness under the Strickland/Fritz standard.

Finally, defendant argues that, at the remand hearing, appellate counsel was ineffective because she failed to assert Scudder's certification was newly discovered evidence that required a new trial. We reject this argument. We stated the purpose of the remand was to provide defendant the opportunity to call Burks as a witness at a new hearing, following which the PCR court was to reconsider whether counsel was ineffective for failing to call Burks as an alibi witness at trial. Under the circumstances, appellate counsel cannot be faulted for failing to raise a new issue when we limited the scope of the hearing.

To the extent we have not explicitly addressed an argument advanced by defendant, it is because we deemed the argument without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3967-16T2